Labauve, J.
The petitioners represent that they are the legitimate and only children of John. Bronson, and being residents of the State of Louisiana, and loyal citizens of the Confederate States of America, and are entitled to the property of the said John Bronson, who resides in the State of New York, and against whom proceedings of confiscation, have been instituted, and in which, under act of Congress of Confederate States, petitioners have intervened; that petitioners are the owners of a certain tract of land situate in the parish of Iberville ; that the defendants have obtained an order of seizure and sale against *40 said tract of land; and that the proceedings are invalid, null and void, on various grounds, which they enumerate in detail.
They prayed for and obtained an injunction arresting the sale.
The defendants appearing, peremptorily excepted to the petition, on the ground that said parties had no interest in the subject-matter of the said suit, they being in no way the owners of said land, but the same belonging in truth to said John Bronson.
They prayed that the injunction may be dissolved, with damages on the bond of injunction.
The Court dissolved the injunction and allowed damages.
The plaintiffs applied and prayed for a devolutive appeal by petition, in which they alleged that Timothy Young, one of the defendants, has died since the rendition of the judgment, leaving a surviving widow in community, Ann Young, and two minor children, Julia and Thos. Young, and to whom their mother has qualified as natural tutrix, and who should be made parties to the appeal.
They prayed for a devolutive appeal, and that Ann Young, in her own right, as partner in the community with her deceased husband, and as tutrix of her minor children, be made parties to said appeal.
Mrs. Ann Young was duly cited, and served in her own right and as tutrix.
The plaintiffs and appellants executed a bond, with a surety, for one hundred dollars, in favor of Samuel Warden, Joseph H. Balch and Ann Young, tutrix, and Michael Oredon, executors, administrators and assigns.
The objection is, as it is perceived, that the bond is not given in favor of Ann Young, in her own right, and that, therefore, she is not a party to the appeal.
The defendants and appellees rely on the authority in the case of Clark v. Hebert, 14 An. 183, where this Court said :
“ This suit has been brought against the defendant in her capacity of widow in community and tutrix to the minor children of Vineent Kirkland, deceased ; and the defendant, in her capacity of tutrix, has set up a re-conventional demand. The appeal bond is executed by the plaintiffs in her favor, in her individual capacity only. The appeal is defective in not making the defendant a party iii her capacity of tutrix.”
In that ease, the Court properly dismissed the appeal; the defendant had become a plaintiff as tutrix in her reconventional demand, and she was essentially a party as appellee, and no bond was given in her favor. In the present case it is the reverse ; the bond is executed in favor of the tutrix, who, as ex offiaio administratrix, represents the estate which is presumed to be accepted under the benefit of an inventory, the heirs being-minors. 2 A. 462. 10 A. 534. 5 A. 180. 7 A. 134. 12 A. 457. The judgment appealed from belongs to the estate, so does the bond; the x>roceeds of the judgment, or of the bond, would inure to the benefit of the community, but they must pass through the succession before they reach the widow in community; until a liquidation and settlement, and payment of the debts of the succession, the community is but a name, a hope. After the death of the husband, the community debts are generally set up against his succession. 17 L. 238. At the dissolution of the marriage, the wife or her representatives can clairg nothing until debts be *41 paid, and cannot sue for half the price of any specific property acquired during marriage, when a liquidation of the community does not show any gains to be divided. 1 B. 378. 2 A. 30.
The administration of the succession of the deceased husband involves with it the administration of the community, and the executor or administrator may rightfully cause the community property to be sold to pay the debts of the succession. 12 A. 222.
We are of opinion that the bond is sufficient, and covers the interest of all parties, including the widow in community. 1 B. 258.
The motion to dismiss is overruled.
On the merits, we are of the opinion the District Court did not err in dissolving the injunction; the petition represents that the land seized was the property of John Bronson, plaintiff’s father, residing in the State of New York, and that plaintiffs, being residents of Louisiana, were entitled to the property of said John Bronson. This allegation shows that the plaintiffs were not the owners.
But we have looked in vain in the record to find evidence of the amount of the judgment, to serve as a basis for the damages and interest allowed by the Judge on the. dissolution of the injunction; it was the duty of the defendant to introduce in evidence the judgment enjoined, or other legal proof to fix the damages and interest.
We'are bound to reverse the judgment, and render such decision as is authorized by the record.
. It is therefore ordered and decreed, that the judgment of the District Court be annulled and reversed, and it is further ordered and decreed that the injunction be dissolved, and that the plaintiffs and appellants pay costs below, and the defendants and appellees those of this appeal.